UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLYSON STANDIFORD                    CIVIL ACTION

VERSUS                                NUMBER 10-42-RET-SCR

WAL-MART STORES, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 30, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALLYSON STANDIFORD                    CIVIL ACTION

VERSUS                                NUMBER 10-42-RET-SCR

WAL-MART STORES, INC.

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Allyson Standiford. Record document number 4. The motion is opposed.[1]

Plaintiff filed suit in state court against defendant Wal-Mart Stores, Inc. to recover damages she sustained as a result of a slip and fall accident which occurred in one of the defendant's stores on December 12, 2009. Specifically, the plaintiff alleged that she injured her leg, knee, back, and neck. Plaintiff's sought recovery of past, present, and future damages for pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, and loss of earning capacity. In her state court petition, the plaintiff also requested a jury trial and alleged that her damages exceeded the required amount.

Defendant removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant argued that the required amount in

---

[1] Record document number 5. Plaintiff filed a reply memorandum. Record document number 8.

controversy was facially apparent from the allegations in the plaintiff's petition, specifically the plaintiff's description of her injuries, the types of damages sought, and her request for a jury trial. Defendant noted that the plaintiff failed to offer a binding stipulation stating that she will not seek enforcement of any judgement awarded in excess of $75,000.

Plaintiff moved to remand, arguing that the amount in controversy needed to support diversity jurisdiction under § 1332 is not present. Plaintiff asserted that it is not facially apparent from the details included in her petition that her claims exceeds $75,000. Plaintiff argued that the facts in her case are identical to those found in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, (5th Cir. 1999), in which the Fifth Circuit found that removal was not warranted.

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction

2

from Louisiana courts.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).  In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways:  (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.  *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994).

Under Louisiana law, a plaintiff is entitled to a jury trial only when the claims exceed $50,000 exclusive of costs and interest.  LSA-C.C.P. art. 1732(A)(1).  Louisiana Civil Code article 893 provides that while no specific monetary amount of

damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

## Analysis

It is facially apparent from the allegations in the plaintiff's state court petition that the value of her claim likely exceeds $75,000 exclusive of interest and costs. Plaintiff also alleged in her petition that her claim exceed the amount required by state law to be entitled to a trial by jury. Thus, at the time of removal the plaintiff believed the amount of her claim was greater than $50,000. Plaintiff did not include a general allegation in her state court petition that her claim is for less than the jurisdictional amount required under § 1332. While not determinative, this factor supports the defendant's position.

Even if the amount in controversy was ambiguous from the pleadings, the plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000. Plaintiff did not offer a binding stipulation stating that she would not seek damages greater than $75,000. Although a stipulation is not required, the plaintiff's decision to not provide one can be considered in an amount in controversy determination. Plaintiff's

4

reference to *Simon* is also unpersuasive.  In that case, fewer forms of damages were demanded and the injuries allegedly sustained by the plaintiff were less severe and more localized, i.e. injury to Simon's shoulder, bruises and abrasions, unidentified medical expenses, plus loss of consortium for her husband.[2]

Accordingly, the defendant has shown by a preponderance of the evidence that the amount in controversy required by § 1332 is met in this case.

### **Recommendation**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Allyson Standiford be denied.

Baton Rouge, Louisiana, March 30, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Simon*, 193 F.3d at 850-51.

5