UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLYSON STANDIFORD            CIVIL ACTION

VERSUS                     NUMBER 10-42-SCR

WAL-MART STORES, INC.

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is the Motion for Summary Judgment filed by plaintiff Allyson Standiford. Record document number 27. The motion is opposed.[1]

Careful consideration of the summary judgment evidence in light of the applicable law leads to the conclusion that the plaintiff's motion cannot be granted.

**Background**

This case arises from a slip and fall by the plaintiff in one of the defendant's stores in Baton Rouge, Louisiana. By this motion the plaintiff seeks to establish sole fault, as a matter of law, on the part of defendant Wal-Mart Stores, Inc.[2] She argues that the evidence weighs so heavily in her favor that reasonable minds could not differ regarding defendant Wal-Mart's fault. To support her motion, the plaintiff relied on a Statement of

---

[1] Record document number 32. Plaintiff filed a reply memorandum. Record document number 36.

[2] Plaintiff's motion seeks to have the court "hold Wal-Mart liable for all legally recoverable damages" which she sustained.

Undisputed Facts, the defendant's Responses to Request for Admissions, the deposition testimony of Wal-Mart Assistant Manager Henry Ehioghiren and employee Dorothy Cavin, and a video recording from the defendant's surveillance system.[3] The video shows, among other things, a liquid substance on the floor of the soap aisle, defendant's employee Cavin cleaning it up, and the plaintiff slipping and falling. According to the plaintiff, the video does not show the creation of any hazardous condition in the time period between the spill, the clean-up, and the plaintiff's fall.

Defendant Wal-Mart admitted that the plaintiff slipped and fell in a liquid substance on the floor of its store. But the defendant argued that the plaintiff failed to provide undisputed evidence that she actually slipped and fell in some part of the original spill left after the cleanup. Defendant relied on a Statement of Contested Facts, and excerpts from the depositions of the plaintiff, the plaintiff's fiancé Cody Blanchard, and Cavin.[4] Defendant pointed specifically to the plaintiff's deposition testimony in which she stated she does not know whether what caused her fall "towards the back of the aisle" was the same thing that was cleaned up "toward the front of the aisle."

---

[3] Record document numbers 27-2, 27-3, 27-4, 27-5, and 31, respectively.

[4] Record document numbers 32-1, 32-2, 32-3 and 32-4, respectively.

2

**Summary judgment standard and applicable law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282

(5th Cir. 2001). The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants. The statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

It is the plaintiff's burden to prove each element of a cause of action under the statute. *White v. Wal-Mart Stores, Inc.*, 699

4

So.2d 1081, 1084 (La. 1997).

The Louisiana Supreme Court recognized in *White*, that the constructive notice requirement found in the merchant liability statute involves a temporal element:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White*, 699 So.2d at 1084-85.

Because constructive notice is defined to include a mandatory temporal element, a plaintiff relying on constructive notice under La. R.S. 9:2800.6(B)(2) must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the defendant on notice of its existence. *Id*., 699 So.2d at 1082.

Plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element. *Blackman v. Brookshire Grocery Co.*, 2007-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185; *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107.

5

## Analysis

Viewing all of the summary judgment evidence in the light most favorable to the defendant leads to the conclusion that there are genuine disputes for trial on several issues. These include whether the plaintiff slipped in a substance which formed part of the spill which was cleaned up by Cavin, or in some other substance which was not part of that spill. There is no affirmative, undisputed evidence that the plaintiff slipped and fell in the same substance "towards the back of the aisle" that was being cleaned up from the spill "toward the front of the aisle," of which the defendant had actual notice. Absent such evidence, the court would have to draw an inference in favor of the plaintiff - the party seeking summary judgment – to conclude that the substances were the same, i.e. both part of the same spill. Such an inference cannot be drawn in the plaintiff's favor because she is the party seeking summary judgment.

Plaintiff argued that this dispute is not material because there is no dispute that the plaintiff slipped in a substance on the floor. This argument is not persuasive. If the plaintiff's fall was caused by a different substance, or from a different spill, then the plaintiff would have to prove that defendant Wal-Mart "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence" and

6

"failed to exercise reasonable care."[5] To prove constructive notice the plaintiff would have to prove "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[6] Plaintiff has not shown that there is no genuine dispute for trial as to these issues.

Among the things depicted on the video are numerous persons shopping on and traversing the soap aisle after Cavin's clean-up, including the area where the plaintiff fell, without any difficulty or indication of any substance anywhere on the floor. The video also shows a woman and a child with her shopping on the soap aisle in the area where the plaintiff later fell. At 11:10:42 the woman and the child enter the soap aisle. The child appears to remove something from the shelf and examine it (11:11:16 - 11:11:22), and then the woman examines it and returns it to the shelf (11:11:23 - 11:11:31). This process appears to be repeated with other items for about one minute (11:11:32 -11:12:30). Then the woman looks down at the floor by her feet, and with her left foot makes a motion as though wiping her foot through something on the floor (11:12:30 - 11:12:32). She appears to return an item to an upper shelf and then they both leave the aisle. This occurred "towards the back of the aisle" - not where Cavin cleaned up a spill some 20

---

[5] R.S. 9:2800.6(B)(2). There is no dispute that the spill presented an unreasonable risk of harm.

[6] R.S. 9:2800.6(C)(1).

7

minutes earlier.

From this evidence, the jury could reasonably find that Cavin successfully cleaned up the spill that was "toward the front of the aisle," and that a new spill occurred some 20 minutes later "towards the back of the aisle" – which was the spill that caused the plaintiff's fall.[7] Of course, this view of the evidence favors the defendant, and the jury may not agree with it. But the applicable law requires the court to view the summary judgment evidence in the light most favorable to the defendant, which is the party opposing summary judgment.[8]

There is also a genuine dispute for trial as to the plaintiff's fault. Plaintiff correctly argues that it is the defendant's burden to prove comparative fault. But the defendant's burden in opposing the plaintiff's motion is only to show that there is a genuine dispute for trial on the issue of the plaintiff's fault. Defendant does not have the burden of showing there is no genuine dispute as to the plaintiff's fault since the

---

[7] No Wal-Mart employee is seen in the video after the woman and child leave the soap aisle and before the plaintiff falls.

[8] The video also contains evidence from which the jury might reasonably find - but would not be required to find – that the substance from the original spill was tracked "towards the back of the aisle" where the plaintiff later fell, and Cavin did not clean up that area. At 10:45:31 a woman pushed her shopping cart through the spill and into the area where the plaintiff later fell. However, such findings cannot be made because doing so would be contrary to the court's obligation to view the evidence, and draw all reasonable inferences, in the defendant's favor.

8

defendant is not seeking a summary judgment determination of her fault.

Defendant has pointed to summary judgment evidence which would permit – but, again, not require – the jury to find that she was in the area of the aisle where the substance was located long enough to observe the substance on the floor. Although a customer's duty to avoid hazards is diminished in some circumstances, whether those circumstances exist in this case is for the jury to decide after weighing the testimony of the witnesses and considering all the other relevant evidence.[9] In the circumstance of this case, whether the plaintiff acted appropriately and reasonably when walking down the aisle are jury issues.[10]

---

[9] The case relied upon by the plaintiff, *Broussard v. Wal-Mart Stores, Inc.*, 741 So.2d 65 (La.App.3rd.Cir. 1999), is readily distinguishable. In *Broussard* the determination that the plaintiff was not at fault was made after a trial, during which the plaintiff testified that she and her daughter were looking for cleaning supplies in the household chemical department when she slipped and fell in spilled dishwashing detergent. At a trial the finder of fact is permitted to weigh the evidence, make credibility choices, and draw whatever inferences are reasonable, whether the inference favors the plaintiff or the defendant. This court cannot do those things when ruling on a motion for summary judgment.

[10] As in the *Broussard* case, the jury would consider whether the plaintiff was looking for a particular item on the aisle – so that her attention was on the shelves rather than where she was walking, or instead was going down the aisle only to get to another part of the store – so that she could have been looking at where she was walking. In the video, the plaintiff appears to have completed her shopping on the soap aisle and was moving to another area. She was also holding what appears to be a paper in her hand, to which she had referred several times while she was shopping and which she was looking at when she was walking down the aisle.

9

Accordingly, the Motion for Summary Judgment filed by plaintiff Allyson Standiford is denied.

Baton Rouge, Louisiana, March 17, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE